## SMITH v. STAYER.

[No. 12,424.    Filed April 2, 1926.]

ACCOUNT.—*Defendant to action on account had no ground for complaint when undisputed evidence showed he was indebted to plaintiff for more than amount of judgment.*—On appeal from an action on account for services rendered, the defendant had no ground for complaint when the undisputed evidence showed that he was indebted to the plaintiff for more than the amount of the judgment.

From Lake Circuit Court; *E. Miles Norton,* Judge.

Action by Bert Edward Stayer against Edwin Smith, doing business under the name and style of the "Chicago Cash Grocery." From a judgment for plaintiff, the defendant appeals. *Affirmed.* By the court in banc.

*James A. Sweeney* and *F. L. Welsheimer,* for appellant.

*Newt Hembroff,* for appellee.

NICHOLS, C. J.—Action by appellee to recover from appellant the sum of $886.41, with interest, for services rendered by appellee as a grocery clerk for appellant, in the city of Gary, Indiana.

Under his motion for a new trial, appellant undertakes to present that the amount of recovery is erroneous, being too large, contending that the court included in its judgment for $664.49 in favor of appellee interest upon an unliquidated account, but as this court understands the record, the question presented for our consideration is one of computation, rather than of law.

Appellant is in confusion by undertaking to compute the total amount earned by appellee in the course of his employment, but omitting therefrom fourteen weeks from September 18, 1920, to December 24, 1920.

Appellee having been paid in full to December 24, 1920, he seeks to recover by his complaint for services rendered from December 24, 1920, during the year 1921, and to January 28, 1922, being for fifty-seven weeks at an agreed wage, as he testified, of $22 per week, making a total of earnings of $1,254, appellee admitting by his complaint and by his evidence that he had received $367.59, leaving a balance due him, as stated above, of $886.41.

But appellant filed three paragraphs of set-off, the first being for $175 for money loaned to appellee which, with interest, appellant claimed was due him; the second for $25.59, for a grocery bill due from appellee at the time he quit his employment; and a third for board which the court seems not to have allowed. The amount of the $175 with interest from January 28, 1922, being the date from which appellant claimed interest, to the date of judgment was $200.43.

Appellant testified to items of loan that aggregated $175, and appellee did not deny the same in his testimony. Conceding that $200.43 should be deducted from the $886.41 claimed by appellee to be due him, there is a balance of $685.98 due appellee which is more than the amount of the judgment in his favor. So far as we are able to see, there is no other amount to be deducted, for it is apparent that the grocery bill of $25.59 was included in, and the last item of, the charges amounting to $367.59 admitted by appellant in his complaint, and in his evidence, and, to deduct it again by way of set-off, would make a double charge thereof against appellee. The judgment is erroneous in that it is too small. Of course, appellant was not harmed thereby, and appellee has not assigned cross-error.

We, therefore, affirm the judgment.